IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:98-CR-00289-KDB

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| TERRY KERMIT JOHNSON, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se motion for expungement of a criminal record based on this Court's inherent powers in equity, where the underlying conviction is not being challenged. (Doc. No. 502).

District courts lack the power to exercise ancillary jurisdiction to expunge a valid conviction solely for equitable considerations. *See, e.g. U.S. v. Harris*, 847 F.Supp. 2d. 828 (D. Md. 2012); ; *U.S. v. Mitchell*, 693 F.Supp. 2d 427 (E.D. Va. 2010); *United States v. Mettetal*, 714 Fed.Appx. 230 (4th Cir. 2017). Federal courts are courts of limited jurisdiction, and may only exercise their ancillary jurisdiction (1) where necessary to dispose of interdependent claims; and (2) to manage proceedings, vindicate authority, and effectuate the decrees of the court. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–80 (1994). Here, there is no factual interpependency between the original claims over which this Court had jurisdiction and Defendant's ancillary claim to expunge his record.

**IT IS THEREFORE ORDERED** that Defendant's motion for expungement of his criminal record (Doc. No. 502), is **DENIED**.

Signed: July 14, 2021

Kenneth D. Bell
United States District Judge